IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| vs. | * Criminal No. 2:17-cr-20195 |
| WILLIAM ~~JEFFERY~~ JEFFREY MASSEY, JWM | * |
| Defendant. | * |

## PLEA AGREEMENT

(1) I, William Jeffrey Massey, have been charged with one (1) felony count in the above-referenced criminal information.

I have been charged in Count 1 with violation of Title 18, United States Code, Section 2252(a)(4)(B), possession of child pornography. The penalty for a violation of Section 2252(a)(4)(B), as charged, is a fine of not more than $250,000, and a term of incarceration of not more than ten (10) years, plus a period of supervised release for any term of years, not less than five (5) years, to life.

Fees may be imposed to pay for incarceration or supervised release. There is a $100 special assessment per felony count of conviction. The United States is also seeking forfeiture of the devices set forth in the information that contain material involving the sexual exploitation of minors.

(2) I understand that the United States Attorney for the Western District of Tennessee and my defense counsel have entered into a plea negotiation of which I am fully aware and understand. This agreement, tendered to my attorney on May 25, 2017, is the product of the negotiations.

(3) My attorney, Mark Mesler, who has been retained to represent me, has informed me of the nature of these criminal charges and the elements of the charges, each of which must be proved by the government beyond a reasonable doubt before I could be found guilty as charged.

1

(4) By voluntarily pleading guilty, I knowingly waive and give up my constitutional right to plead not guilty, to compel the government to prove my guilt beyond a reasonable doubt, to not be compelled to incriminate myself, to confront and cross-examine the witnesses against me, to have a jury or judge determine my guilt on the evidence presented, and other constitutional rights which apply to a defendant on trial in a criminal case.

(5) I am pleading guilty to the charge described herein because I am guilty and because it is in my best interest to do so, and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be. I understand that the matter of sentencing is within the sole discretion of the Court. I have discussed sentencing with my attorney.

**I understand the plea agreement in this case to be as follows:**

(6) I will enter a plea of guilty to Count 1 of the above-referenced information, charging me with the felony violation listed herein.

(7) I understand the United States agrees to recommend that the Court impose a term of incarceration at the low end of the advisory guideline range. I further understand that this is only a recommendation and that the Court is not bound by such recommendation. If the Court does not agree to such recommendation, I understand that such event does not constitute a basis for subsequent withdrawal of my plea of guilty to the charge.

(8) I understand that any term of incarceration will be followed by a term of supervised release of not less than five (5) years and up to life. I agree that as an explicit condition of my supervised release, and as a result of my conviction for a qualified sex offense, I am required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) and the laws of the State of Tennessee. I will comply with those requirements.

(9) I understand that the United States will ask this Court to impose as a special condition of supervised release, that I am to submit my person, property, house, residence, vehicles, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of my supervised release or any unlawful conduct on my part, and also by any probation officer in the lawful discharge of the officer's supervision functions. The Court's authority to impose this condition is set forth at Title 18, United States Code, Sections 3583(d) and 3563(b)(23).

(10) I understand that, given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose my receiving acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. I understand that if the United States receives information between the signing of this agreement and the time of the sentencing that I have previously engaged in, or if I engage in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal

2

activities between now and the time of sentencing, this position could change. Further, I understand that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for me to withdraw my guilty plea.

(11) I understand that Title 18, United States Code, Section 3742 gives me the right to appeal the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as my sentence is not greater than the advisory guideline range. This waiver is made in exchange for the concessions made by the United States in this plea agreement. The waiver in this paragraph does not apply to claims relating directly to this waiver of appellate rights or to its negotiation <u>that also</u> involve the involuntariness of my agreement to the waiver, prosecutorial misconduct, or ineffective assistance of counsel.

(12) I understand that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my rights to file an action pursuant to Section 2255 with one exception: I retain my right to file any claim for ineffective assistance of counsel or prosecutorial misconduct.

(13) I am relinquishing any and all rights I have or had to the digital devices related to this case and identified in the notice of intent to seek forfeiture. I consent to forfeiture of these devices and their destruction.

(14) I understand that restitution to victims is mandated for the offense to which I am pleading guilty, pursuant to Title 18, United States Code, Section 2559. I agree that if restitution is sought, the Court will consider evidence and make a determination regarding the amount to be paid. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement. I agree to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. I understand imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. I agree any restitution imposed will be non-dischargeable in any bankruptcy proceeding and I will not seek a discharge or a finding of dischargeability as to the restitution obligation.

(15) I understand that this agreement does not apply to any crimes that I may have committed (other than those specifically set forth herein), or that I may commit hereafter, including perjury.

(16) I understand that the prosecution will be free to fully describe the nature of these offenses and the evidence in this case.

(17) I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the count of the Information to which I am pleading guilty.

(18) I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the preparer of the presentence report, which the Court may adopt or take into consideration.

(19) I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

(20) I can read and write, and I have read and discussed the terms of the foregoing plea agreement with my attorney, Mark Mesler, and am satisfied with my attorney and his advice and counsel. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on the date and by my signature below.

7-14-17
**DATE SIGNED**

JEFFREY **WILLIAM ~~JEFFREY~~ MASSEY**
**Defendant**

7/14/17
**DATE SIGNED**

**MARK MESLER**
**Attorney for Defendant**

7/14/17
**DATE SIGNED**

**KASEY A. WEILAND**
**Assistant United States Attorney**
**U.S. Attorney's Office**